IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAWN M. ZITZKA and JAMES ZITZKA )
individually and on behalf of JANE DOE 1 )
and JANE DOE 2, their minor daughters, and )
JOHN DOE, their minor son, )
                                                        )    No. 07 C 0949
               Plaintiffs,       )    Magistrate Judge Schenkier
                                                        )
vs. )
                                                           )
THE VILLAGE OF WESTMONT, a municipal )
corporation; POLICE OFFICERS JAMES )
SCHLICHER, MICHAEL DALE, DAVID )
NEWTON, GREGORY COMPTON, TERRENCE )
BOYER and JOHN BRIGHT, )
                                                           )
               Defendants.      )

## MEMORANDUM OPINION AND ORDER[1]

This case stems from the investigation of an alleged rape of a minor child on December 31, 2005, in the Village of Westmont, Illinois. Plaintiffs have sued the Village and various Village officials under 42 U.S.C. § 1983 for violations of their First and Fourth Amendment Rights (Counts I and IV), as well as for intentional infliction of emotional distress and malicious prosecution in violation of state law (Counts VII and IX).[2] Presently before the Court is plaintiffs' motion to compel (doc. # 94), which asks the Court to compel production of 27 documents that the Village has withheld from production on the grounds of attorney-client privilege, work-product protection, and joint defense (or common interest) doctrine.

---

[1] On August 30, 2007, by full consent of the parties and pursuant to 28 U.S.C. § 636(c), the case was reassigned to this Court for all proceedings, including the entry of final judgment (doc. ## 42-43).

[2] In an earlier opinion, the Court dismissed Counts II-III, V-VI and VIII of the Complaint. *Zitzka v. Village of Westmont*, No. 07 C 0949, 2007 WL 3334336 (N.D. Ill. Nov. 6, 2007).

In the motion, plaintiffs ask the Court to compel production of the documents apparently without an *in camera* review, on the ground that the "privilege log makes no reference to any connection between these communications and defense counsel" (Pls.' Mot. at 6).

By a letter dated May 7, 2009, the Village submitted for *in camera* review the documents in question, asking the Court to conduct an *in camera* review of them. In that letter, the Village also offered an explanation as to why certain of the documents in issue were privileged.

The Court rejects plaintiffs' request to order production of the disputed documents without an *in camera* review. Defendants' privilege log adequately explains the documents at issue and the basis for the privilege assertions. Plaintiffs' complaint is not that the privilege log fails to reveal sufficient information, but that the information revealed fails to persuade them that the documents are privileged. Under the circumstances, we prefer to make our ruling based on an actual review of the documents.

We have reviewed the documents in issue *in camera*. For the reasons set forth below, we grant in part and deny in part the motion to compel.

## I.

In deciding the question of whether the documents in issue are protected from production, we apply the principles of privilege and work product that we articulated in *IBJ Whitehall Bank & Trust Company v. Corey & Associates, Inc.*, No. 97 C 5827, 1999 WL 617842 (Aug. 12, 1999). We summarize those principles briefly.

In determining whether a document is subject to attorney-client privilege protection, we apply the well-settled standard adopted by the Seventh Circuit more than 45 years ago in *Radiant Burners, Inc. v. American Gas Ass'n*, 320 F.2d 314 (7th Cir.), *cert. denied*, 375 U.S. 929 (1963):

> (1) where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*See also United States v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983). Communications from the attorney to the client also may be protected, but only "(1) if it is shown that the client had a reasonable expectation in the confidentiality of the statement; or put another way, if the statement reflects a client communication that was necessary to obtain informed legal advice (and) which might not have been made absent the privilege . . .; or (2) if the communications tend to directly or indirectly reveal a client confidence." *IBJ Whitehall*, 1999 WL 617842, *3 (quotations and citations omitted).

The work-product doctrine protects "documents and tangible things . . . prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3). A fundamental purpose of the work-product doctrine is to "avoid deterring a lawyer's committing his thoughts to paper." *IBJ Whitehall*, 1999 WL 617842, *3 (quotations and citations omitted).

The attorney-client privilege and the work-product protection may be waived if documents are disclosed to a third party. *IBJ Whitehall*, 1999 WL 617842, *4. However, work product or attorney-client privileged material may be shared with another party that has a common interest without waiving those protections. "Where two or more persons jointly consult an attorney concerning a mutual concern, their confidential communications with the attorney, although known to each other, will of course be privileged in a controversy of either or both of the clients with the

3

outside world." *Id.* at *3. The common interest doctrine, of course, protects only those documents that otherwise would have been privileged in the origin. *Trading Technologies Intern., Inc. v. EeSpeed, Inc.*, Nos. 04 C 5312, 05 C 1079, 05 C 4088, 05 C 4120, 05 C 4811, 05 C 5164, 2007 WL 1302765, *1 (N.D. Ill. May 1, 2007).

Importantly for our purposes here, the common interest doctrine may apply in certain circumstances to communications between two non lawyers who are both covered by the common interest. As we held in *IBJ Whitehall*, "a communication between two parties, each having a common interest in litigation, may be privileged if (1) one party is seeking confidential information from the other on behalf of an attorney; (2) one party is relaying confidential information to the other on behalf of an attorney; and (3) the parties are communicating work product that is related to the litigation." 1999 WL 617842, *6. By contrast, "statements by parties concerning their personal views and opinions," unconnected from communications with counsel, are not subject to protection under the common interest doctrine. *Reginald Martin Agency, Inc. v. Conseco Medical Ins. Co.*, 460 F. Supp.2d 915, 919-20 (S.D. Ind. 2006).

## II.

Based on these governing legal principles, and our review of the documents in dispute, we conclude that the following documents are not subject to protection under the attorney-client privilege, the work-product doctrine, or the common interest doctrine:

**Document Nos. 15, 5094, and 14687.** These emails do not reveal any information whatsoever except the names of the authors and recipients, the dates that they were sent, and the subject of the emails. None of that information is privileged or work product.

**Document No. 2261**. This email contains a directive by Mr. Ramey, Chief of Police for the Village, to various individuals, and a response by one of those individuals. Nothing in the email indicates that this directive was issued at the request of counsel, and nothing in the email discloses any advice or work product of counsel. In its May 7, 2009 letter, the Village offers no explanation as to why this email is privileged, and we find none after reviewing the email *in camera.*

**Document Nos. 18646, 18666, 18683, 20513, 20515, 21637, 27050, 28656, 29288, 29292, and 29293**. These are various emails in which Chief Ramey asked for certain information concerning a criminal trial involving one of the plaintiffs, and the responses to his request for information. None of the emails indicate that Chief Ramey made this request at the direction of counsel. None of the emails reveal any communications or advice from counsel. None of the emails are directed to counsel. In its May 7, 2009 letter, the Village offers no explanation as to why these emails are protected by privilege. We find that these emails are not connected to communications with counsel, *Reginald Morton Agency*, 460 F.Supp. at 919-20, and thus are not protected by attorney-client privilege or work-product doctrine.[3]

**Document Nos. 18667 and 29269**. These emails are between Chief Ramey and Randy King concerning an inquiry made by another police department concerning one of the plaintiffs. None of these emails reflect that the communications between Chief Ramey and Mr. King were at the direction of counsel; none of the emails reflect communications or advice from counsel; and none of the emails were directed to counsel. Again, the Village's May 7, 2009 letter does not seek to explain why these emails are protected by privilege. We find that they are not privileged or protected by work-product doctrine.

---

[3]This same analysis applies to Document No. 28651, which is a duplicate of Document No. 21637.

We reach a different result with respect to the remaining nine documents in issue. We find that the Village's assertions of privilege are appropriate, and that the following documents are protected from production:

**Document Nos. 1950, 5093, 18314, 18436, 38401 and 49830**. These communications all stem from a communication by defense counsel to Chief Ramey dated June 11, 2007, asking that certain information be gathered for counsel. This squarely falls within the protection afforded through the common interest doctrine for circumstances when "one party is seeking confidential information from the other on behalf of an attorney." *IBJ Whitehall*, 9/10/99 WL 617842, *6.

**Document Nos. 20569 and 21650**. These emails both reflect requests from counsel to obtain information in connection with the litigation. Under the *IBJ Whitehall* standard, these documents are subject to the common interest doctrine.

**Document No. 28479**. This email conveys information from counsel, and thus is protected under the *IBJ Whitehall* test that extends the common interest doctrine to situations where "parties are communicating work product that is related to the litigation." 1999 WL 617842, *6.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to compel (doc. # 94) is granted in part and denied in part. The Court overrules the Village's privilege objections as to Document Nos. 15, 2261, 5094, 14687, 18646, 18666, 18667, 18683, 20513, 20515, 21637, 27050, 28651, 28656, 29269, 29288, 29292, and 29293. The Village shall produce those documents to plaintiffs' counsel by

May 20, 2009. The Court sustains defendants' privilege objections as Document Nos. 1950, 5093, 18314, 18436, 20569, 21650, 28479, 38401 and 49830. The Village is not required to produce those documents.

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: May 13, 2009